IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
JACKSON DIVISION

MAY 25 2012

MEDIA BARBER — PLAINTIFF

V. — CAUSE NO. 3:12CV362TSL-MTP

DR. ROMERO K. MIDGETT;
CENTRAL MISSISSIPPI CIVIL IMPROVEMENT ASSOCIATION, INC., D/B/A JACKSON-HINDS COMPREHENSIVE HEALTH CENTER;
UNITED STATES OF AMERICA — DEFENDANTS

## COMPLAINT

This is a medical negligence filed pursuant to the Federal Torts Claims Act.

### Parties

1. **Plaintiff Media Barber** is an adult resident citizen of Jackson (Hinds County) Mississippi.

2. **Defendant Dr. Romero K. Midgett**, (hereinafter referred to as Defendant Midgett), upon information and belief, is a resident of Hinds County, Mississippi, practicing medicine in Jackson, Mississippi where he may be served with process at Jackson-Hinds Comprehensive Health Center, 3502 West Northside Drive, Jackson, Mississippi 39213.

3. **Defendant Central Mississippi Civil Improvement Association, Inc., d/b/a Jackson-Hinds Comprehensive Health Center** (hereinafter referred to as Defendant "Health Center") is a medical clinic that, upon information and belief, employs Dr. Midgett. Plaintiff was treated by Dr. Midgett at the Health Center, which upon information and belief is federally funded and may be served with process at 3502 West Northside Drive, Jackson, Mississippi 39213. Upon information and belief, Dr. Midgett was an employee of the United States of America.

4. **Defendant United States of America** is sued under the Federal Torts Claims for the actions of its employee/agent, Dr. Romero K. Midgett, whom it is believed, was an employee of

a federally funded family health clinic, **Central Mississippi Civil Improvement Association, Inc., d/b/a Jackson-Hinds Comprehensive Health Center** in Jackson, Mississippi. The United States of America should be served with process pursuant to the Federal Rules of Civil Procedure 4(d)(4). Appropriate statutory notice has been provided to the Defendant United States of America and the claim has not been resolved. The United States of America may be served with process of this Court upon the U.S. Attorney, Gregory K. Davis, at 501 East Court Street, Suite 4.430, Jackson, Mississippi 39201.

**Jurisdiction**

5. This Court has jurisdiction over the Defendant United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b). Subsection 1346{b) grants district courts jurisdiction over claims (1) against the United States (2) for monetary relief (3) for personal or property damages (4) caused by any wrongful act or omission of a Government employee (5) within the scope of the employee's employment (6) that would subject the Government to liability under the appropriate state law were the Government a private person. Plaintiff brings a claims that fulfills each of these prerequisites and as noted below, has exhausted the administrative recourse available to her. Venue is proper because Plaintiff was treated in Jackson, Mississippi, and was injured as a result of the medical negligence claimed.

**Facts**

6. This is a claim for damages sustained due to the negligence of Dr. Midgett who misdiagnosed an ectopic pregnancy and wrongfully terminated a viable fetus.

7. On or about October 14, 2009, Media Barber was misdiagnosed with said ectopic pregnancy following an ultrasound. The pregnancy was then wrongfully terminated via an injection of Methotrexate, a medication used to terminate early pregnancies and ectopic pregnancies. The Plaintiff subsequently underwent a suction dilation and curettage performed by Dr. Midgett on October 30, 2009. Lab results after this procedure showed a normal 5-7 week gestation pregnancy.

8. Dr. Midgett relied on what was said by a technician who performed two (2) ultrasounds and was not qualified to make a medical diagnosis rather than actually reviewing the ultrasound himself. As a result, a normal uterine pregnancy was terminated without reason.

9. Dr. Midgett was negligent in this case by, *inter alia*, failing to properly treat Ms. Barber through misdiagnosis and wrongful termination of a normal uterine pregnancy. This negligence caused Plaintiff with pain and suffering through the loss of a pregnancy that was very much wanted by Ms. Barber.

10. At all times material herein, Defendant Dr. Midgett was a licensed practicing medical doctors in the state of Mississippi and had undertaken to provide medical care to his patient, Media Barber.

11. At all times material herein, Defendants Central Mississippi Civil Improvement Association, Inc., d/b/a Jackson-Hinds Comprehensive Health Center was a medical treatment provider engaged in the business of rendering health care. Upon information and belief, said Health Center was federally funded and Dr. Midgett was a federal employee.

12. At all times material herein, Defendant Dr. Midgett was under non-delegable duty to:

a) attend to Ms. Barber and render and/or assure that she was rendered timely and proper care;

b) assure that her diagnosis and subsequent treatment were properly carried out;

c) render professional health care services to Ms. Barber consistent with the nationally recognized minimum acceptable standards.

13. At all times material herein, Defendant Central Mississippi Civil Improvement Association, Inc., d/b/a Jackson-Hinds Comprehensive Health Center was under a non-delegable duty to:

a. render professional health care services consistent with the nationally recognized minimal accepted standards;

b. properly monitor and supervise the actions of Defendant doctor.

c. properly train and supervise defendant doctor.

14. The Defendants breached each of the duties set out above.

15. As a direct and proximate result of the Defendant's negligence, Media Barber suffered the loss of a normal uterine pregnancy through misdiagnosis of an ectopic pregnancy and wrongful termination of a viable pregnancy through injection of a medicine used to terminate early pregnancies and ectopic pregnancies and a subsequent suction dilation and curettage. She suffered mental anguish, pain and suffering from this negligence as well as economic losses.

**Procedural History**

16. On December 6, 2010, Plaintiff filed an administrative tort claim with the Department of Health & Human Services (hereafter referred to as "Agency") under the Federal Tort Claims Act ("FTCA").

17. On April 21, 2011, Plaintiff was advised by the Agency that said claim was denied.

18. On October 18, 2011, Plaintiff requested reconsideration of the Agency's final determination denying the claim as provided by 28 C.F.R. §14.9.

19. On November 28, 2011, Plaintiff received notice of the Agency's final denial of her request for reconsideration as required by 28 U.S.C. §2401(b).

20. Plaintiff is entitled to file suit in federal district court within six (6) months of receipt of the notice of final determination of her claim. According to the statute, Plaintiff is entitled to and now files suit on this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Media Barber demands compensatory damages of and from the Defendants jointly and severally for an amount that is within the jurisdiction limits of this court, the amount of compensatory damages excess ten thousand dollars ($10,000) plus court cost and Plaintiff further requests such other and further relief as may be deemed entitled to under the premises.

**RESPECTFULLY SUBMITTED**, this the 25th day of May, 2012.

**MEDIA BARBER**

**BY:** ______________________
**ISAAC K. BYRD, JR., MSB# 7646**

**OF COUNSEL:**

**BYRD & ASSOCIATES, PLLC**
**427 E. FORTIFICATION STREET**
**POST OFFICE BOX 19**
**JACKSON, MS 39205-0019**
**TELEPHONE: (601)354-1210**
**FAX: (601) 354-1254**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,**
**JACKSON DIVISION**

**MEDIA BARBER** **PLAINTIFF**

**V.** **CAUSE NO.____________**

**DR. ROMERO K. MIDGETT;**
**CENTRAL MISSISSIPPI CIVIL IMPROVEMENT ASSOCIATION, INC., D/B/A JACKSON-HINDS COMPREHENSIVE HEALTH CENTER;**
**UNITED STATES OF AMERICA** **DEFENDANTS**

**CERTIFICATE**

Pursuant to § 11-1-58 of Mississippi Code of 1972 as amended, the undersigned attorney declares that she has concluded that there exists a reasonable basis for filing the attached Complaint based on a consultation with at least one qualified expert, who meets the criteria set forth in the Mississippi Code 1972.

**RESPECTFULLY SUBMITTED this 25th day of May, 2012.**

**MEDIA BARBER**

**BY:** [signature]
**ISAAC K. BYRD, JR., #7646**

**OF COUNSEL:**

**BYRD & ASSOCIATES, PLLC**
**427 E. FORTIFICATION STREET**
**POST OFFICE BOX 19**
**JACKSON, MS 39205-0019**
**TELEPHONE: (601)354-1210**
**FAX: (601) 354-1254**